DJURICH et al., Appellees,

v.

LaHOOD, Appellant.

[Cite as *Djurich v. LaHood* (1990), 66 Ohio App.3d 332.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56623.

Decided March 12, 1990.

*Richard G. Witkowski,* for appellees.

*Burt H. Sagen* and *Paul Mancino, Jr.,* for appellant.

FRANCIS E. SWEENEY, Judge.

Plaintiffs-appellees filed a complaint against defendant-appellant on July 11, 1985 seeking damages under the odometer tampering statute. The matter was originally submitted to arbitration, and appellees were awarded damages. Appellant timely appealed to the trial court for a trial *de novo.* After a trial, the jury returned a verdict in favor of appellees on the complaint and judgment was entered on the verdict. Appellant now timely appeals, raising five assignments of error for our review. For the reasons set forth below, we affirm the decision of the trial court.

Assignment of Error

I

"The court committed prejudicial error in allowing the deposition to be read of a witness when the court had determined that the witness has violated the separation of witness' rule."

Appellant argues that the court erred in allowing the deposition of a witness to be read since the deposition was not filed in accordance with Civ.R. 32(A) and since the witness was unavailable only because the court excluded his testimony by reason of a violation of the separation-of-witness rule (Evid.R. 615).

First, Civ.R. 32(A) provides, in relevant part, that "every deposition intended to be presented as evidence must be filed at least one day before the day of trial. * * * " A review of the record in this case indicates that the deposition of the witness was filed with the court on July 21, 1986. The trial began on September 20, 1988. Therefore, the deposition was filed properly in accordance with Civ.R. 32(A). Thus, appellant's contention is without merit.

■ Second, a deposition may be used at trial under Civ.R. 32(A)(3)(g) "upon application and notice that such exceptional circumstances exist as to make it desirable * * * to allow the deposition to be used." Admission of deposition testimony is not an abuse of discretion where Civ.R. 32(A)(3)(g) reasons exist to admit it.

In this case, the transcript indicates that defense counsel was aware that the witness was present in the courtroom, but did not object until he was called to testify. At the court's discretion, the witness was excluded from testifying because the witness violated the separation-of-witness rule. The court in its discretion then allowed the deposition testimony to be read. The deposition testimony was given under oath and was attended by defense counsel. In addition, defense counsel cross-examined the witness on the stand after the deposition was read. Thus, the appellant was not prejudiced by the use of the deposition. Under these circumstances, we cannot say that the trial court abused its discretion. Civ.R. 32(A)(3)(g) reasons existed to admit the testimony. Accordingly, this assignment of error is overruled.

### Assignment of Error
### II

"The court committed prejudicial error in its award of attorney fees."

■ This court is unable to reach the merits of appellant's second assignment of error since the trial court record does not contain a transcript of the evidence adduced at the post-judgment hearing held on or about September 29, 1988. An appellant has the duty to exemplify any alleged errors by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 219, 400 N.E.2d 384, 385. This duty may be discharged by the filing of a verbatim transcript pursuant to App.R. 9(B), a narrative statement of the evidence as provided in App.R. 9(C), or an agreed statement of the record filed pursuant to App.R. 9(D). Absent any exemplified error, a reviewing court has no choice but to presume regularity in the proceedings of the trial court and affirm. *Id.* Accordingly, assignment of error number two is not well taken and is overruled.

### Assignment of Error
### III

"The verdict of the jury and the judgment of the court is contrary to law and contrary to the evidence."

■ Appellant argues that an award based upon a violation of R.C. 4549.42 is contrary to law and contrary to the evidence. R.C. 4549.42 provides that no

person shall adjust an odometer of a motor vehicle with the intent to alter the number of miles registered on the odometer.

An appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273. In this case, competent evidence supports the finding of the jury verdict.

Evidence was adduced at trial that appellees purchased a car for $4,250 from appellant based on his representation that the car had 40,200 miles. Appellant had purchased the car from its original owner for $3,150 several days earlier. The original owner testified that the car had 89,900 miles on it when appellant purchased it and that the mileage was a factor considered when negotiating the purchase price. When appellees discovered the true mileage, they attempted to rescind the contract, but appellant refused to refund the full purchase price. Therefore, competent, credible evidence supports that appellant altered the odometer from 89,900 miles to 40,200 miles and that he misrepresented the true mileage to the appellees.

This assignment of error is overruled.

### Assignment of Error

### IV

"The court committed prejudicial error in not allowing evidence concerning repairs made to the vehicle."

Appellant argues the court prejudicially erred in not allowing Tony LaHood to testify that he worked on the transmission of the car after appellant purchased the car back from appellees.

Relevant evidence means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Evid.R. 401. The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus.

In the present case, whether a repair was made to the vehicle's transmission does not make it more or less likely that appellant tampered with the odometer. Furthermore, the testimony is irrelevant to any claim, counter-claim or defense offered by the appellant. Appellant has failed to produce any evidence that he was prejudiced by the exclusion of the testimony.

Therefore, the court's exclusion of the testimony does not constitute reversible error.

This assignment of error is overruled.

Assignment of Error

V

"The court committed prejudicial error in not granting a motion for a directed verdict based upon the fact that no owner of the vehicle has been shown as required by law."

The appellant argues that the trial court prejudicially erred in not granting a motion for directed verdict based upon the fact that no owner of the vehicle had been shown as required by R.C. 4505.04. Pursuant to R.C. 4505.04(B), "no court shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold * * *" unless evidenced by a certificate of title or admission in the pleadings.

A review of the record in this case demonstrates that appellant admitted in his answer that appellees purchased the car from appellant in conformity with R.C. 4505.04(B)(2). Thus, the court properly denied appellant's motion for a directed verdict.

This assignment of error is overruled.

*Judgment affirmed.*

KRUPANSKY, P.J., and JOHN F. CORRIGAN, J., concur.