OPINION
{¶ 1} Appellant, John P. Lambert, appeals from the June 21, 2004 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division.
 {¶ 2} Appellant and appellee, Cathleen P. Lambert, were married on November 18, 1989. Three sons were born as issue of the marriage: Brandon, who was born on October 1, 1991, Justin, whose date of birth is June 18, 1993, and Shawn, who was born on July 5, 1995. Appellee filed for divorce on August 28, 2003, alleging incompatibility and guilty acts of misconduct by appellant. On that same date, appellee filed a motion for temporary orders for custody of the minor children as well as child and spousal support. Appellant filed his answer and counterclaim on September 10, 2003. A hearing was held on appellee's motion for temporary orders on September 25, 2003. On September 30, 2003, the court awarded temporary custody of the parties' three minor children to appellee and ordered that appellant pay appellee temporary child support in the amount of $987.12 per month in addition to a temporary spousal support award of $1,220 per month.
 {¶ 3} On October 31, 2003, appellee filed a motion to cite appellant in contempt for failing to pay the $2,226.86 for child and spousal support on a monthly basis. In an entry dated November 20, 2003, the trial court ordered that appellant was in willful contempt as of November 1, 2003, in the amount of $6,099.41, by failing to make his support payments. The court further ordered that appellant could purge himself of the contempt by making a good faith attempt to pay the arrearages and remain current in all future obligations. On December 9, 2003, appellant filed a motion to modify child support and spousal support. On December 17, 2003, appellee filed a second motion to cite appellant in contempt because he had failed to make his payments.
 {¶ 4} A contested trial was held on March 1, 2004. In a decision dated March 24, 2004, the magistrate recommended that appellee should be named the residential parent of the three minor children, and appellant should pay appellee $894.29 in child support. The magistrate found appellant's income to be $56,023, and appellee's income to be $42,000. The magistrate also determined that the marital residence was valued at $144,957, and awarded it to appellee. After distributing the marital property, the magistrate decided that appellee would receive $100,067 more in assets than appellant, but since appellant was $11,324 in arrears, this would reduce appellee's total to $88,743.[1] However, the magistrate concluded that:
 {¶ 5} "In view of [appellant's] prior earnings history and his current low level of income * * * this is one of the few cases that a [Nevillev. Neville, 99 Ohio St.3d 275, 2003-Ohio-3624] offset should be applied."
 {¶ 6} The amount of the offset, $32,481, reduced appellee's distributive award to $56,262. The magistrate recommended that appellee therefore owed appellant $28,131, but after considering the length of the marriage, the parties' earning ability, their education and health, appellant should have a spousal support obligation for five years. Appellee requested that in lieu of spousal support, she be awarded the difference in the property division since appellant probably would not pay. Based upon appellee's request, the magistrate concluded that appellee should be awarded the difference in the property division, i.e. $28,131, in lieu of spousal support.
 {¶ 7} On April 8, 2003, appellant filed objections to the magistrate's decision. Appellant argued that the decision was against the manifest weight of the evidence as the magistrate imposed a social security offset, the marital home was undervalued, and appellant's diminished wages dictate that spousal support or a disproportionate distribution of the assets is not appropriate. On April 19, 2004, appellee filed a motion to dismiss the objections filed by appellant for untimeliness, but the trial court overruled the motion. A hearing was held on May 18, 2004.[2]
In a judgment entry dated May 21, 2004, the trial court awarded each of the parties their own personal property, and affirmed the magistrate's decision in all other respects.
 {¶ 8} In a judgment entry dated June 21, 2004, the trial court granted appellee's divorce, awarded her custody of the three minor children, and ordered appellant to pay child support to appellee in the sum of $894.29. Further, the trial court stated:
 {¶ 9} "[Appellee] shall receive $100,067 more in marital assets than [appellant] * * *. [T]he [c]ourt finds that this is one of the few cases that the Neville Social Security offset should be applied * * *. The [c]ourt finds that this is a fair and reasonable offset and that by utilization of the Neville offset of $32,481, this shall reduce [appellee's] distribution to $56,262. Therefore, after utilizing the aforementioned offsets, [appellee] owes [appellant] $28,131."
 {¶ 10} The trial court agreed with the March 24, 2004 magistrate's decision that appellee be awarded the $28,131 in lieu of spousal support. The trial court proceeded to incorporate by reference the magistrate's decision and its May 21, 2004 judgment entry. It is from this decision that appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 11} "[1.] The [t]rial [c]ourt abused its discretion, to the prejudice of [a]ppellant, by imputing income to [a]ppellant in a manner contrary to law.
 {¶ 12} "[2.] The [t]rial [c]ourt erred, to the prejudice of [a]ppellant, by improperly awarding spousal support to [a]ppellee.
 {¶ 13} "[3.] The [t]rial [c]ourt erred, to the prejudice of [a]ppellant, in ordering an inequitable distribution of the parties' marital property.
 {¶ 14} "[4.] Appellant was rendered ineffective assistance by his counsel."
 {¶ 15} Under her first assignment of error, appellant asserts that the trial court erred by imputing income to him without first making an explicit determination that a party is voluntarily unemployed or underemployed pursuant to R.C. 3119.01. Appellant also contends that the trial court erred in its determination of his gross income for purposes of deciding on his child support obligation.
 {¶ 16} Civ.R. 53(E)(3)(b) instructs parties as to the proper form for objections to a magistrate's decision, stating, "[o]bjections shall be specific and state with particularity the grounds of objection." After the 1995 amendment to Civ.R. 53, the new Civ.R. 53(E)(3)(b) provision was expanded upon in the Staff Notes, which explained that objections must "be specific; a general objection is insufficient to preserve an issue for judicial consideration." In interpreting this provision of Civ.R. 53, it has been held that a mere blanket objection to the magistrate's decision is insufficient to preserve an objection. Solomon v. Solomon,157 Ohio App.3d 807, 2004-Ohio-2486, at ¶ 12. When a party submits general objections that fail to provide legal or factual support, "the trial court may affirm the magistrate's decision without considering the merits of the objection." Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, at 3, citing Parker ex rel. Bradford v. Bricker (Aug. 9, 2000), 4th Dist. No. 99CA2648, 2000 WL 1175559, at 2.
 {¶ 17} In the instant matter, appellant filed general objections to the magistrate's decision and did not specifically raise the objection that the trial court erred in determining his gross income. Since appellant raises this issue for the first time on appeal and is precluded from raising any claim not raised in his objections to the magistrate's decision, we presume regularity in the trial court's proceedings.
 {¶ 18} Further, there is no transcript from the May 18, 2004 hearing that was conducted before the magistrate. Hence, because there was no transcript from the hearing, this court is restricted to exploring only those matters which are contained in the record before it. Ostrander v.Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 74. App.R. 9 requires that the party challenging the trial court's decision prove the alleged error through references to the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. It is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable. Buckleyv. Ollila (Mar. 3, 2000), 11th Dist. No. 98-T-0177, 2000 WL 263739, at 2. Since there was no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, appellant cannot demonstrate the claimed error, and this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. In addition, there was no error of law based on the findings of fact and conclusions of law. Appellant's first assignment of error lacks merit.
 {¶ 19} For the second assignment of error, appellant alleges that the trial court erred by improperly awarding appellee $28,131 in marital property in lieu of five years of spousal support.
 {¶ 20} A trial court is granted broad discretion in awarding spousal support to either party when it is reasonable and appropriate. See R.C.3105.18(C); McMahon v. McMahon, 11th Dist. No. 2001-P-0042, 2002-Ohio-3378, at ¶ 8. A reviewing court will not disturb an award of spousal support absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67.
 {¶ 21} R.C. 3105.18(C) outlines the factors a trial court must consider in making a determination of spousal support, and a trial court's determination shall not be based on any factor taken in isolation. Pursuant to R.C. 3105.18(C), the trial court must consider: (1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of the spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant.
 {¶ 22} In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support, and stated that: "[i]n making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.)
 {¶ 23} Moreover, a trial court does not satisfy this requirement by simply stating that it considered the R.C. 3105.18(C)(1) factors: "`It is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. * * * This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *' (Citation omitted)" Herman v. Herman (Mar. 28, 1997), 11th Dist. No. 96-P-0194, 1997 WL 158106, at 4. See, also, Stafinsky at 784. In reviewing a spousal support award, an appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably * * *." Kunkle at 67.
 {¶ 24} With the above principles in mind, it is our view that the trial court's June 21, 2004 judgment entry satisfies the requirement to provide facts and reasons when awarding spousal support. See Lamb v. Lamb
(Mar. 8, 2002), 11th Dist. No. 2001-P-0027, 2002 WL 370037, at 3. Specifically, the court's entry provided:
 {¶ 25} "IT IS THE FURTHER ORDER OF THE COURT and the Court finds that based upon the length of the marriage and the parties relative earning ability, their education, and their health, [appellant] should have a spousal support obligation for approximately five years. The Court further finds that [appellee] has requested that in lieu of spousal support (which [appellant] would probably not pay) that she be awarded the difference by utilization of a distributive property division award. The Court finds that the request of [appellee] is well taken and finds that in lieu of [appellee] receiving spousal support from [appellant], [appellee] shall be awarded $28,131 representing the disproportionate property division set forth above. The net effect of this is that [appellee] shall not be obligated to pay any form of assets or money to [appellant] as and for a property division equalization, nor shall [appellant] be obligated to pay any form of spousal support to [appellee]."
 {¶ 26} When considering the totality of the circumstances, we cannot say that the trial court abused its discretion in ordering appellant to pay spousal support in the form of property instead of periodic payments. It is our position that the spousal support award is both reasonable and appropriate under the circumstances. Accordingly, the trial court did not abuse its discretion in awarding spousal support. Appellant's second assignment of error is meritless.
 {¶ 27} In the third assignment of error, appellant posits that the trial court erred in ordering an inequitable distribution of the parties' marital property. Specifically, appellant alleges that the trial court erred in ordering a Neville offset.
 {¶ 28} Pursuant to R.C. 3105.171(C), the division of marital property is to be equal, unless such a division would produce an inequitable result. In such a case, marital property is to be divided on an equitable basis. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. A trial court's division of marital property will not be reversed on appeal absent an abuse of discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. An unequal division of marital assets is allowed pursuant to R.C.3105.171(C) only in order to reach an equitable outcome. Furthermore, generally "pension and retirement benefits acquired by a spouse during the marriage are deemed marital assets that are subject to division."Neville, supra, at ¶ 6.
 {¶ 29} If there is no transcript of the hearing or some other acceptable alternative as set out in App.R. 9, this court must presume the regularity of the trial court proceedings as well as the validity of its judgment. Byron v. Carlin (Dec. 14, 2001), 11th Dist. No. 2000-L-169, 2001 WL 1602662, at 5. Here, there was no transcript or App.R. 9(C) or (D) statement included in the record, and again, appellant cannot demonstrate the claimed error. Appellant's third assignment of error is overruled.
 {¶ 30} For his fourth and final assignment of error, appellant claims he was rendered ineffective assistance by his trial counsel.
 {¶ 31} "Parties in civil litigation choose their own counsel who, in turn, choose their theories of prosecuting and defending. The parties, through their attorneys, bear responsibility for framing the issues and for putting both the trial court and their opponents on notice of the issues they deem appropriate for jury resolution. * * * An unsuccessful civil litigant may not obtain a new trial based upon the bare assertion that his or her attorney was ineffective. To so hold would unfairly shift the loss caused by poor strategy decisions, miscalculations, or errors from the party responsible to the innocent opponent. * * * If an attorney's representation has fallen below professional standards, remedies are available in a malpractice action. * * *." (Citations omitted.) Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122. See, also, Mayle v. Ravenna Aluminum (Nov. 5, 1999), 11th Dist. No. 98-P-0103, 1999 WL 1073805, at 2.
 {¶ 32} Here, appellant cannot obtain recourse through a claim of ineffective assistance of counsel. A more appropriate remedy would have been through a malpractice action. Appellant's fourth assignment of error is without merit.
 {¶ 33} For the foregoing reasons, appellant's assignments of error are not welltaken. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed.
Grendell, J., O'Toole, J., concur.
[1] In addition to the marital residence, which was valued at $144,957, appellee was awarded other assets in the amount of $17,203. Thus, appellee received assets totaling $162,160. Appellant was awarded assets totaling $62,093. When these two numbers are offset, the total is $100,067.
[2] We note that a transcript from this hearing is not contained in the record on appeal.