OPINION
{¶ 1} Appellant, Heidi Petry, appeals the judgment entry of the Portage County Court of Common Pleas, which set aside a sheriffs sale of her property; vacated its previous order confirming the sale; and granted leave to appellee, Mortgage Electronic Registration Systems, Inc. to re-order the sale of the property. Appellant challenges the constitutionality of Senate Bill 185, which, she claims, denied her father, Robert Petry, as assignee of the purchaser at the sheriffs sale, his right to obtain a bank loan for the balance of the purchase price. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} On or about August 8, 2002, appellant purchased the real estate located at 7356 Westview Drive, Franklin Township. In connection with this purchase, appellant obtained a mortgage loan for the property by signing a promissory note in the amount of $188,000 plus interest and a mortgage to secure the note. Appellee is the current holder of the note and mortgage.
 {¶ 3} Within one year of signing the note and mortgage, appellant defaulted on both and failed to make any further payments, leaving a principal balance owed in the amount of $187,157.57.
 {¶ 4} On September 24, 2003, appellee filed a complaint seeking a money judgment and foreclosure of the mortgage. On December 11, 2003, appellant filed an answer denying the material allegations of the complaint, but failing to assert any affirmative defenses.
 {¶ 5} On November 28, 2005, appellee filed a motion for summary judgment. Appellant did not file a brief in opposition. The trial court granted appellee's motion on December 22, 2005, and entered a judgment: (1) awarding appellee a money judgment in the amount of $187,157.57 plus interest; (2) granting foreclosure in appellee's favor; and (3) determining the amounts owed to all lienholders. The judgment by its express terms stated that it was a "final appealable order." Appellant did not appeal from that judgment, which remains unreversed, unmodified, and in full force and effect.
 {¶ 6} On January 19, 2006, appellee filed a praecipe for an order of sale of the property, and on March 12, 2007, the property was purchased by L.J.L. Financial Consultants ("L.J.L.") at a sheriff's sale. The sale was confirmed and L.J.L. paid a *Page 3 
deposit on March 23, 2007; however, it failed to remit the balance of the funds owed on the property pursuant to its bid at the sheriffs sale.
 {¶ 7} On July 13, 2007, appellee filed a motion to require the purchaser L.J.L. to show cause why it should not be held in contempt due to its failure to pay the balance owed. On September 4, 2007, L.J.L. filed a brief in opposition, asking for additional time to obtain financing. Appellant did not file a brief in opposition to appellee's show-cause motion, nor did she respond to L.J.L.'s request for more time.
 {¶ 8} On December 31, 2007, more than nine months after L.J.L. purchased the property at sheriffs sale, the trial court entered an order (1) setting aside the March 12, 2007 sheriff's sale to L.J.L.; (2) vacating the March 23, 2007 judgment entry confirming the sale; and (3) giving appellee leave to "re-order sale." L.J.L. did not appeal the trial court's judgment. Instead, on January 30, 2008, appellant alone filed an appeal from the trial court's December 31, 2007 judgment entry. Appellant asserts for her sole assignment of error:
 {¶ 9} "SENATE BILL 185 IS UNCONSITUTIONAL [SIC] AND INTEREFERED [SIC] WITH APPELLANTS [SIC] RIGHT TO PROPERTY UNDER THE CONSITITUION [SIC] OF THE UNITED STATES OF AMERICA."
 {¶ 10} At the outset, we note that in appellant's assignment of error, she alleges that S.B. 185 has interfered with her right to property. However, in her brief she does not argue that her rights were violated; instead, she argues that her father's rights were violated. App. R. 16(A)(7) provides:
 {¶ 11} "The appellant shall include in its brief * * * all of the following:
 {¶ 12} "* * * *Page 4 
 {¶ 13} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. * * *" (Emphasis added.)
 {¶ 14} Since appellant does not present any argument in support of the statement in her assignment of error that her rights were violated, her assigned error is not well taken.
 {¶ 15} However, even if appellant's argument had been properly briefed, it would not have merit. She argues that S.B. 185, which she claims became effective January 1, 2007, prevented her father Robert Petry, as assignee of L.J.L., from seeking financing to complete his purchase of the property. She argues that, while the bill properly outlaws certain predatory practices in the mortgage industry, in her view it has become too strict because it outlaws the practice of "flipping" mortgage loans. She states that under this scheme, someone with poor credit who wants to purchase a home, but is unable to obtain a mortgage loan, enlists a straw man with good credit to assist in the purchase. The straw man purchases the property and applies for a mortgage loan for the benefit of the real purchaser whose identity is not disclosed to the lender. Apparently, after the loan is obtained and title has been transferred to the straw man, he in turn transfers the property to the real purchaser, who is supposed to pay the mortgage.
 {¶ 16} Appellant argues that her father wanted to purchase her property at the sheriffs sale. She claims he is worth more than $1,000,000, but, due to his poor credit, he was unable to obtain financing in his own name. She says he was required to flip *Page 5 
the loan by finding another person, who had good credit, to assist him in purchasing the property. She argues that, due to S.B. 185, her father was unable to consummate his deal. She argues that if S.B. 185 had not been enacted, her father's attempt to obtain a mortgage to complete the sale would have been realized. She argues her father's due process rights were thus violated, and she asks this court to declare S.B. 185 unconstitutional.
 {¶ 17} We note that, while appellant argues Robert Petry's constitutional rights were violated by S.B. 185, he was not a party in the proceedings before the trial court, nor is he a party to this appeal. Appellant does not argue that her constitutional rights were violated by this legislation. She therefore does not have standing to assert her argument on appeal.
 {¶ 18} The essence of the standing inquiry is whether the party seeking to invoke the court's jurisdiction has alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions. Duke Power Co. v. Carolina Environmental Study Group (1978),438 U.S. 59, 72, citing Baker v. Carr (1962), 369 U.S. 186, 204. This requirement of a personal stake must consist of a distinct and palpable injury to the plaintiff, Duke Power Co., supra, citing Warth v.Seldin (1975), 422 U.S. 490, 501, and a fairly traceable causal connection between the claimed injury and the challenged conduct.Duke Power Co., supra, citing Arlington Heights v. Metropolitan HousingDev. Corp. (1977), 429 U.S. 252, 261. *Page 6 
 {¶ 19} Appellant does not even attempt to argue on appeal that she was injured as a result of S.B. 185. Because her sole argument on appeal is that her father's constitutional rights have been violated by S.B. 185, she does not have standing. For this additional reason, her argument lacks merit.
 {¶ 20} Next, based on our review of the record, appellant failed to bring this claimed constitutional violation to the attention of the trial court at any time after the enactment of S.B. 185, and therefore waived the right to assert the issue on appeal. In State v. Awan (1986),22 Ohio St.3d 120, the Supreme Court of Ohio held:
 {¶ 21} "The general rule is that `an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus; State v. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus; State v. Lancaster (1971),25 Ohio St.2d 83, paragraph one of the syllabus; State v. Williams (1977),51 Ohio St.2d 112, 117. Likewise, `[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time.' * * *Childs, supra, at 62, citing State v. Davis (1964), 1 Ohio St.2d 28;State, ex rel. Specht, v. Bd. of Edn. (1981), 66 Ohio St.2d 178, 182, citing Clarington v. Althar (1930), 122 Ohio St. 608, and Toledo v.Gfell (1958), 107 Ohio App. 93, 95. [Footnote omitted.] Accordingly, the question of the constitutionality of a statute must generally be raised at the first opportunity * * *. See State v. Woodards (1966),6 Ohio St.2d 14. This rule applies both to appellant's claim that the statute is unconstitutionally vague on its face and to his claim that the trial court interpreted the statute in such a way as to render the *Page 7 
statute unconstitutionally vague. Both claims were apparent but yet not made at the trial court level." (Parallel citations omitted.)Awan, supra, at 122-123.
 {¶ 22} Thus, in order for appellant to preserve the issue on appeal, it was incumbent on her to bring it to the attention of the trial court. Because she failed to do so, the trial court was not given an opportunity to rule on the issue, which was therefore waived on appeal for all purposes but for plain error.
 {¶ 23} In regard to civil cases, the plain error doctrine applies only in "`the extremely rare cases involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.'" (Emphasis sic.) Phillips v. Phillips, 11th Dist. No. 2006-A-0037, 2007-Ohio-3368, at ¶ 42, citing Goldfuss v.Davidson, 79 Ohio St.3d 116, at syllabus, 1997-Ohio-401. Appellant does not attempt to make a showing of plain error, and from our review of the record, we are unable to discern such error. For this additional reason, appellant's argument lacks merit.
 {¶ 24} Next, while appellant makes several factual statements in her brief in support of her argument on appeal, there is nothing in the record to support appellant's statements or argument. For example, there is no evidence to support her allegations that (1) Robert Petry is an assignee of L.J.L.; (2) he has poor credit, but had sufficient assets to purchase the property; (3) his efforts to obtain financing were thwarted by S.B. 185; and (4) "flipping" would have been a viable option to him before the enactment of S.B. 185. *Page 8 
 {¶ 25} It is the duty of an appellant to ensure that the record or whatever parts thereof are necessary for the determination of the appeal are filed with the appellate court. State v. Boughner (Dec. 17, 1999), 11th Dist. No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *28. An appellant has the duty to exemplify any alleged errors by reference to the record.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 26} "It is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal * * *." Lambert v. Lambert, 11th Dist. No. 2004-P-0057, 2005-Ohio-2259, at ¶ 18.
 {¶ 27} The duty to provide a transcript for appellate review falls upon the appellant because he or she has the burden of showing error by reference to the record. Knapp, supra, at 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.; accord,Djurich v. LaHood (1990), 66 Ohio App.3d 332, 334. Because there is no evidence in the record before us to support appellant's argument on appeal, her argument lacks merit.
 {¶ 28} Finally, even if the issue asserted in appellant's brief was properly before us, it would still lack merit. Statutes enjoy a strong presumption of constitutionality. "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."State ex rel. Dickman v. Defenbacher (1955), 164 Ohio St. 142, paragraph one of the syllabus. "A regularly *Page 9 
enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." Xenia v.Schmidt (1920), 101 Ohio St. 437, paragraph two of the syllabus;State ex rel. Durbin v. Smith (1921) 102 Ohio St. 591, 600;Dickman, supra. Accordingly, there is a strong presumption that S.B. 185 is constitutional.
 {¶ 29} Even if appellant's constitutional argument was not barred, she failed to cite which of the numerous sections of S.B. 185 she alleges is unconstitutional. Moreover, she failed to show how such section conflicts with the United States Constitution or how her rights were thus violated. Nor does she cite any pertinent authority in support of her argument. Her general statement that S.B. 185 deprived her father of his due process rights simply does not satisfy appellant's heavy burden. For this additional reason, her assignment of error lacks merit.
 {¶ 30} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Portage County Common Pleas Court is affirmed.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1