OPINION
{¶ 1} Appellant, Nancy Kovacic, appeals the judgment entry of the Lake County Court of Common Pleas, Juvenile Division, ordering her to pay $337.55, which represents one-half of the guardian ad litem fee awarded by the trial court, to appellee, Kevin Cronin, who had been appointed to serve as guardian ad litem for her minor son. *Page 2 
At issue is whether the trial court was authorized to enter such award. For the reasons that follow, we affirm.
 {¶ 2} On August 7, 2006, a complaint was filed in the trial court against appellant's son Daniel Kovacic, charging him with felonious assault, in violation of R.C. 2923.11. Daniel's date of birth is January 31, 1991 and he was 15 years old at the time. Subsequently, Daniel pled true to the lesser offense of aggravated assault, and the court committed him to the Ohio Department of Youth Services for an indefinite term of from six months to Daniel attaining the age of 21 years, to be suspended on condition that Daniel complied with certain community control sanctions, including treatment at a residential facility.
 {¶ 3} Daniel's parents, appellant and Thomas Kovacic, were divorced pursuant to a divorce decree entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, in 1999. In that decree the Cuyahoga County court awarded custody of Daniel to appellant. On December 6, 2006, Thomas filed in that court a motion to modify the custody award. Due to the bitterly contested nature of the divorce, the Cuyahoga County court appointed Attorney Kevin Cronin to serve as guardian ad litem for Daniel on the custody issue pending in that court.
 {¶ 4} On August 20, 2007, the trial court ordered that Daniel be released from treatment to his mother as the custodial parent. On November 21, 2007, Daniel's probation officer filed a motion to impose Daniel's suspended sentence for violating his probation by failing to keep his parents advised of his whereabouts. The trial court held a hearing on the motion on December 7, 2007. Daniel pled true to the probation violation, and the court ordered that Daniel serve his original sentence at D.Y.S. *Page 3 
 {¶ 5} On December 10, 2007, appellant filed a motion asking the trial court to accept jurisdiction of the custody, visitation, and all other issues regarding Daniel that were then pending in the Cuyahoga County Domestic Relations Court. In her motion, appellant argued that since the trial court had been involved in extensive proceedings to provide rehabilitative care and treatment to Daniel, the trial court was better able to and should resolve the custody issue pending in the Cuyahoga County court. Daniel's father did not oppose the motion, and on January 30, 2008, the trial court granted appellant's motion. Appellant filed a similar motion in the Cuyahoga County court asking that court to transfer the custody issue to the trial court, but appellant failed to file any ruling of the Cuyahoga County court in the trial court.
 {¶ 6} Then, on March 7, 2008, appellant filed a motion for judicial release, asking the trial court to release Daniel from D.Y.S. On April 2, 2008, the court held a hearing on appellant's motion for release and the custody issue at which the court heard from Daniel, appellant, Daniel's father, Daniel's probation officer, his guardian ad litem Mr. Cronin, and the assistant prosecutor. Appellant pleaded with the trial judge to release Daniel from D.Y.S. and order that he attend and participate in the Lonestar Treatment program. She said she had personally located, researched, and arranged for Daniel's participation in this program, and agreed to be fully responsible for all costs associated with the program. The prosecutor agreed to Daniel's release from D.Y.S. as long as he was transferred to Lonestar and successfully completed treatment there. The court held an in camera interview with Daniel and Mr. Cronin, during which Daniel agreed to be placed in this program. Appellant did not object to Mr. Cronin's participation in this hearing as guardian ad litem. *Page 4 
 {¶ 7} Following the hearing, the trial court, by judgment entry, dated April 7, 2008, granted appellant's motion for judicial release, placing Daniel on parole and ordering that he undergo treatment at Lonestar. The court further ordered that, based on Daniel's request and the recommendation of his guardian ad litem, upon release from Lonestar, Daniel would be placed in the custody of his father with liberal visitation to appellant.
 {¶ 8} On April 11, 2008, appellant, through her attorney, wrote a letter to the trial judge: (1) advising him that she was unable to pay for Daniel's treatment at Lonestar and (2) "requesting a hearing on change of custody" of Daniel. On that same day the trial judge issued a judgment entry, noting appellant's revelation was "startling" because she had twice assured him in open court that she was able to provide the financial means for Daniel's participation in the Lonestar program. In this judgment entry, the court confirmed its April 7, 2008 entry; ordered that Daniel be paroled from D.Y.S. to the custody of his father; and stated that if appellant wanted to effect a change in custody, she would have to file an appropriate motion. Appellant never filed such motion.
 {¶ 9} Meanwhile, on April 4, 2008, Attorney Cronin moved for an order in the trial court asking that his guardian ad litem fees and expenses incurred between December 20, 2007 and April 2, 2008 in the total amount of $675.10 be approved. He supported his motion with an affidavit and an itemized statement. Appellant filed an "objection" to the guardian's motion, but failed to file an affidavit or other evidentiary material in support of her objection. The court granted Mr. Cronin's motion by judgment entry, dated May 23, 2008. In that entry the court noted the Cuyahoga County court had appointed Mr. Cronin as Daniel's guardian ad litem in his parents' divorce case. *Page 5 
The court stated it was necessary to have the guardian attend the April 2, 2008 hearing to have conversation with Daniel and report to the court his wishes and desires. The court observed it needed the guardian's recommendation to assist it in rendering its decision concerning Daniel's best interest. The court stated that with these goals in mind, it had contacted Mr. Cronin and requested his participation in the hearing. The court found that Mr. Cronin had provided valuable assistance to the court as guardian ad litem for Daniel, and that his statement in the amount of $675.10 was fair and reasonable. The court ordered each parent to pay one-half of the bill, i.e., $337.55, and, on appellant's motion, stayed the judgment pending appeal. It is from this award that appellant appeals, asserting the following as her sole assignment of error:
 {¶ 10} "IT WAS ERROR AND AN ABUSE OF DISCRETION FOR THE LAKE COUNTY JUVENILE COURT JUDGE TO AWARD FEES TO A PERSON WHO HAD NOT BEEN APPOINTED AS GUARDIAN AD LITEM IN LAKE JUVENILE COURT."
 {¶ 11} Before addressing the merits of her appeal, we first consider appellant's comment in her brief that the trial court erred in not accepting her App. R. 9(C) statement of the evidence. First, we note that because this issue is not part of her assignment of error, it has not been properly presented on appeal and is therefore not well taken. See App. R. 16(A)(7). In addition, appellant did not provide a report of the evidence presented in any hearing held by the trial court in her App. R. 9(C) statement. Instead, she merely outlined the recent procedural history of both the divorce case in Cuyahoga County and Daniel's delinquency case in the trial court. App. R. 9(C) provides:
 {¶ 12} "If no report of the evidence * * * at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence * * * from *Page 6 
the best available means, including the appellant's recollection. * * * The statement and any objections or proposed amendments shall be * * * submitted to the trial court for settlement and approval. * * *"
 {¶ 13} App. R. 9(C) provides an alternative means of reporting the evidence presented at a hearing or trial. A statement of the evidence must correctly recite or summarize the underlying evidence presented at the hearing or trial. Metro Cleveland Security, Inc. v. U.S. Welding,Fabricating Manufacturing, Inc. (Nov. 25, 1992), 8th Dist. No. 61649, 1992 Ohio App. LEXIS 5961, *7. Because appellant's App. R. 9(C) statement does not contain a summary of the evidence presented at a hearing or trial, the trial court did not err in refusing to approve appellant's purported statement of the evidence.
 {¶ 14} Under her assignment of error, appellant raises two issues. First, she argues the trial court erred in awarding fees to the guardian ad litem because it had not appointed him to serve in that capacity. She argues that because the trial court did not actually appoint Mr. Cronin as Daniel's guardian, it did not have the authority to approve his fees.
 {¶ 15} In general, an appellate court reviews a ruling of the trial court relative to an award of guardian ad litem fees under an abuse of discretion standard. Davis v. Davis (1988), 55 Ohio App.3d 196, 200. However, in the case sub judice, appellant challenges the authority of the trial court to allow Mr. Cronin to serve as guardian ad litem and then to approve his fees. This presents a question of law, which we review under a de novo standard of appellate review. Jenkins v. City ofGallipolis (1998), *Page 7 128 Ohio App.3d 376, 381, citing Kisil v. City of Sandusky (1984),12 Ohio St.3d 30, 34, fn. 4 and Lawson v. Foster (1992), 76 Ohio App. 3d 784.
 {¶ 16} Appellant concedes that the Cuyahoga County court had appointed Mr. Cronin to serve as Daniel's guardian ad litem in that court with respect to the motion to modify custody filed in that court by Daniel's father. She argues, however, that because the Cuyahoga County court appointed him, he could only provide guardian ad litem services to that court. We do not agree.
 {¶ 17} First, we note the Revised Code gives authority to both the Domestic Relations Court and the Juvenile Court to appoint guardians ad litem for minors when necessary to represent the best interest of the minor. See R.C. 2151.281 and 3109.04(B)(2)(a). In addition, the Revised Code confers jurisdiction on the juvenile court to consider custody. See R.C. 2151.23(D). The trial court thus had statutory jurisdiction to appoint a guardian ad litem and to address custody.
 {¶ 18} With respect to the case sub judice, as of April 2, 2008, the date of the court's hearing on appellant's motion for judicial release and custody, the motion to modify custody was pending in the Cuyahoga County court and Mr. Cronin had been appointed by that court to serve as Daniel's guardian ad litem in that matter. By filing her motion in the trial court asking it to accept jurisdiction of custody and all other issues regarding Daniel pending in the Cuyahoga County case, appellant essentially consented to the trial court allowing Mr. Cronin to act as Daniel's guardian ad litem
 {¶ 19} We also observe that by asking the trial court to accept jurisdiction of these issues, appellant in effect invited the trial court to use Mr. Cronin's services. Appellant now contends the trial court was not authorized to allow Mr. Cronin to serve *Page 8 
as guardian ad litem. The doctrine of invited error provides that a litigant may not take advantage of an alleged error which he himself invited or induced. Machnics v. Sloe, 11th Dist. No. 2004-G-2554,2005-Ohio-935, at ¶ 36. By filing her motion to accept jurisdiction, appellant was actively responsible for a ruling she now claims to be error. Therefore, appellant cannot challenge the trial court's authority to ask Mr. Cronin to serve as Daniel's guardian ad litem.
 {¶ 20} As noted supra, the record does not reveal any ruling of the Cuyahoga County court on appellant's motion to transfer custody. However, because appellant asked the trial court to accept jurisdiction of this and all related issues, appellant is precluded from challenging the authority of the trial court to allow Mr. Cronin to serve as guardian ad litem and to award his fees. R.C. 2151.281(G) provides that the guardian ad litem "shall continue to serve" in that capacity until the custody issue is determined.
 {¶ 21} Next, appellant argues she was not given an opportunity to be heard on the issue of the guardian's fees because the April 2, 2008 hearing was an informal hearing at which no witnesses were sworn. She argues that if she had a "full opportunity to be heard," she would have established the alleged invalidity of Mr. Cronin's original appointment by the Cuyahoga County court. However, the trial court's judgment entry, dated April 7, 2008, regarding the April 2, 2008 hearing, reflects that the court conducted a hearing at which the court heard from appellant and Mr. Cronin, among others. She therefore was given an opportunity to be heard and to present any information she wished. Moreover, that judgment entry does not reflect any objection on the part of appellant to Mr. Cronin serving as guardian. *Page 9 
 {¶ 22} We also note that appellant has failed to file a transcript of this hearing on appeal. It is the duty of an appellant to ensure that the record, or whatever parts thereof are necessary for the determination of the appeal, are filed with the appellate court.State v. Boughner (Dec. 17, 1999), 11th Dist. No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *28. An appellant has the duty to exemplify any alleged errors by reference to the record. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
 {¶ 23} "It is an appellant's duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable." Lambert v. Lambert, 11th Dist. No. 2004-P-0057, 2005-Ohio-2259, at ¶ 18.
 {¶ 24} The duty to provide a transcript for appellate review falls upon the appellant because he or she has the burden of showing error by reference to the record. Knapp, supra. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.; accord, Djurich v.LaHood (1990), 66 Ohio App.3d 332, 334.
 {¶ 25} Because appellant failed to file a transcript of the April 2, 2008 hearing, we must presume the validity and regularity of all aspects of those proceedings, including the trial court's authority to allow Mr. Cronin to serve as guardian ad litem. We must therefore presume that appellant had an opportunity to be heard on the issue of the alleged invalidity of Mr. Cronin's original appointment and that she consented to the performance of his services. *Page 10 
 {¶ 26} Moreover, we note that in appellant's later brief in opposition to appellee's motion for guardian fees, she challenged the validity of the guardian's appointment by the Cuyahoga County court. For this additional reason, she had an opportunity to be heard on this issue. However, appellant provided no evidentiary materials in her brief challenging the validity of Mr. Cronin's appointment by that court. In determining the existence of error, an appellate court is limited to a review of the record. State v. Sheldon (Dec. 31, 1986), 11th Dist. No. 3695, 1986 Ohio App. LEXIS 9608, *2; Schick v. Cincinnati (1927), 116 Ohio St. 16, at paragraph three of the syllabus. On appeal it is the appellant's responsibility to support his or her argument by evidence in the record that supports his or her assigned errors. City of Columbus v.Hodge (1987), 37 Ohio App.3d 68, 69. Because appellant presented no evidence in support of her argument that Mr. Cronin's appointment by the Cuyahoga County court was invalid, there is nothing for us to consider and the argument is not well taken.
 {¶ 27} Next, appellant argues she was not given any notice that the trial court would address the custody issue at the April 2, 2008 hearing. We must first point out that this argument is not part of appellant's assignment of error, and for this reason alone this argument is not well taken. See App. R. 16(A)(7). In any event, without a transcript of the April 2, 2008 hearing, we must presume appellant consented to the court's consideration of the custody issue. We observe that appellant's previous request that the trial court accept jurisdiction of the custody issue strongly supports the presumption that appellant consented to the court's consideration of custody at the April 2, 2008 hearing. *Page 11 
 {¶ 28} For the second issue under her sole assigned error, appellant argues Mr. Cronin's appointment as guardian ad litem by the Cuyahoga County court was "void" or "voidable" because the Cuyahoga County judge allegedly stated that her court did not have jurisdiction over Daniel. However, there is no evidence in the record in the form of an affidavit, transcript or otherwise to support this argument. There is no evidence as to what was allegedly said, when it was said, or the context in which it was said. As a result, this argument is not well taken.
 {¶ 29} In any event, appellant's argument that the judgment of the Cuyahoga County court appointing Mr. Cronin as guardian is void or voidable is lodged in the wrong court. Until the Cuyahoga County trial court vacates that judgment or it is reversed or modified by the Eighth Appellate District, we are obligated to treat it as being in full force and effect.
 {¶ 30} Based upon our thorough and complete review of the record, we hold the trial court did not err in requesting that Mr. Cronin provide services as guardian ad litem pursuant to his original appointment by the Cuyahoga County court or in granting his request for fees for his performance of those services.
 {¶ 31} Finally, we agree with the trial court's comment that, in light of Mr. Cronin's previous extensive involvement with Daniel in the Cuyahoga County case, it would have made no sense to require the trial court to appoint another guardian ad litem who would have been unfamiliar with Daniel, resulting in additional, unnecessary expense. This is particularly true here because appellant actually asked the trial court to accept jurisdiction of the custody issue and all other issues regarding Daniel pending in the Cuyahoga County court. *Page 12 
 {¶ 32} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
 MARY JANE TRAPP, J., and TIMOTHY P. CANNON, J., concur. *Page 1