[Cite as *Bank of Am., N.A. v. Barber*, 2013-Ohio-4103.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BANK OF AMERICA, NA, SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., f.k.a. COUNTRYWIDE HOME LOANS SERVICING, L.P., | : : : | **O P I N I O N** |
| | : | **CASE NO. 2013-L-014** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| JEFFREY B. BARBER, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 12CF000383.

Judgment: Affirmed.

*Eric T. Deighton,* Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 24755 Chagrin Boulevard, Suite 200, Cleveland, OH 44122-5690 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Jeffrey B. Barber, et al., appeal the summary judgment of foreclosure entered in favor of Appellee, Bank of America, NA, successor by merger to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC"), by the Lake County Court of Common Pleas. At issue is whether any genuine

issue of material fact existed regarding whether BAC had standing when it filed this mortgage foreclosure action. For the reasons that follow, the trial court's judgment is affirmed.

{¶2} On or about June 30, 2010, Appellant, Jeffrey B. Barber, purchased a home in Eastlake, Ohio. He applied for and received a residential home loan from BAC in the amount of $88,500. In return for the loan, he executed a promissory note in that amount in favor of BAC. In order to secure the loan, Appellant Barber executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for the lender BAC.

{¶3} Subsequently, Appellant Barber defaulted on the note by failing to make payments due for September 1, 2011, or any subsequent installments, and the amount owed was accelerated. On December 13, 2011, MERS assigned said mortgage to BAC.

{¶4} On February 14, 2012, BAC filed this action in foreclosure against Appellant Barber and his spouse, Jane Doe. BAC alleged that it was the holder of the note; that, due to Appellant Barber's default, it declared said debt due; and that the amount owed on said loan is in the principal amount of $87,291. BAC attached copies of the note, mortgage, and assignment of the mortgage to the complaint.

{¶5} On April 10, 2010, Appellant Barber and his wife, Appellant Kathleen E. Joliffe, filed their joint answer, denying the material allegations of the complaint and asserting various affirmative defenses, including BAC's alleged lack of standing.

{¶6} On April 24, 2012, BAC filed a motion for summary judgment against appellants. In support of said motion, BAC filed the affidavit of Betty J. Marion, an

assistant vice president of BAC, stating that BAC holds the subject note; that Appellant Barber defaulted on the note by failing to make payments due for September 1, 2011, or any subsequent installments; that the debt has been accelerated; and that the principal balance due under said note is $87,292.

{¶7} Appellants filed a brief in opposition to BAC's motion for summary judgment. Appellants did not file any affidavits or other evidentiary materials in support of their brief. In opposition to summary judgment, appellants argued that BAC failed to show it had standing; that BAC failed to give notice of default prior to acceleration; and that BAC failed to present an affidavit or other evidence of Appellant Barber's default.

{¶8} On January 8, 2013, the trial court entered summary judgment and a decree in foreclosure against appellants. The court found the note and assignment of the mortgage attached to the complaint established that BAC had standing. The court found that appellants referenced no evidence that BAC failed to give them notice of default before acceleration. Finally, the court found that BAC submitted an affidavit evidencing the amount owed under the note.

{¶9} The trial court issued an order of sale. On January 25, 2013, appellants filed a motion to vacate the order of sale and to withdraw the property from sale, which the trial court denied.

{¶10} Appellants now appeal. They allege the following for their sole assignment of error:

{¶11} "Reviewing the Appellee's Motion for Summary Judgment *de novo*, the Record is clear and convincing that the trial court erred to the prejudice of Appellants by

granting Appellee's Motion for Summary Judgment in favor of Appellee on the foreclosure Complaint."

**{¶12}** First, appellants argue the court erred in granting summary judgment to BAC because BAC failed to submit an affidavit or any other evidence in support of summary judgment. Appellants are incorrect. Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, * * * affidavits, * * * and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact * * *."

**{¶13}** Here, BAC attached a copy of the subject promissory note, mortgage, and assignment of the mortgage to its complaint. Further, at no time did appellants file an objection or motion to strike any of these exhibits. This court has indicated on numerous occasions that when an evidentiary submission does not fall within the list of acceptable documents set forth in Civ.R. 56(C), it cannot be reviewed for purposes of summary judgment unless it is accompanied by a valid affidavit or is properly certified. *See e.g. State ex rel. Boyers v. Stuard*, 11th Dist. Trumbull No. 2010-T-0111, 2010-Ohio-6444, ¶5. However, we have further held that the lack of a properly-framed affidavit can be waived when no timely objection is made. *Id*. Under such circumstances, a trial court can consider the disputed document when there is no reason to question its authenticity. *Id*. at ¶6.

**{¶14}** As noted above, in addition to the note, mortgage, and mortgage assignment, BAC filed an affidavit of its assistant vice president, Betty J. Marion, in support of its summary-judgment motion. Thus, appellants are incorrect in arguing that BAC failed to present any evidence in support of its motion for summary judgment.

4

{¶15} Next, appellants argue BAC failed to demonstrate the lack of any genuine issue of material fact concerning whether it had standing when it filed this action. Again, appellants are incorrect.

{¶16} In Ohio, courts of common pleas have subject-matter jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B). "Standing to sue is part of the common sense understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy to ensure the dispute will be presented in an adversarial context. *Mortgage Elec. Registration Sys. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18. A personal stake requires an injury to the plaintiff. *Id*. The Supreme Court of Ohio has held that standing is jurisdictional in nature. *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179 (1973).

{¶17} The Supreme Court of Ohio has recently held that, in a mortgage foreclosure action, the mortgage holder must establish an interest in the mortgage *or* promissory note in order to have standing to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mort. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶28. Further, in *Schwartzwald*, the Supreme Court held that standing is required to present a justiciable controversy and is a jurisdictional requirement. *Id*. at ¶21-22. The Court held that, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Id*. at ¶24.

{¶18} This court followed the Supreme Court's holding in *Schwartzwald, supra,* in *Federal Home Loan Mortgage Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011,

5

2012-Ohio-5930, ¶44, and overruled this court's prior holding in, inter alia, *Everhome Mortg. Co. v. Behrens*, 11th Dist. Lake No. 2011-L-128, 2012-Ohio-1454, ¶12, 16, that standing is not jurisdictional.

{¶19} Whether standing exists is a matter of law that is reviewed de novo. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, ¶23.

{¶20} Here, based on our review of the instruments attached to the complaint, BAC presented evidence that it held the promissory note before it filed the complaint. Appellant Barber signed the note in favor of BAC when he took out the mortgage loan. Moreover, although MERS was the initial mortgagee, MERS assigned the mortgage to BAC before BAC filed the complaint. Thus, when BAC filed this action, it held both the note and mortgage. Further, appellants failed to present any countervailing evidence. As a result, there was no genuine issue of material fact concerning whether BAC had standing to file this action. We therefore hold the trial court did not err in granting summary judgment to BAC.

{¶21} Appellants' remaining arguments are equally unavailing. First, appellants argue that BAC did not have the capacity to obtain an interest in the subject property because it failed to submit any evidence in support of its designation in the caption of the complaint as "successor by merger to BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P." Since BAC held the note and mortgage before it filed this action and there is no evidence that BAC's predecessor-in-interest acquired either instrument by merger, for purposes of standing, it is irrelevant that BAC is a successor by merger to the above-designated institution. This case is unlike *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0044, 2013-Ohio-868, in

6

which merger documents were necessary to show that the plaintiff-mortgagee's predecessor had acquired the mortgage by merger before it assigned the instrument to the plaintiff.

{¶22} Next, appellants contend that BAC was required to present evidence that the person who signed the assignment of the mortgage, Swarupa Slee, a vice president of MERS, was authorized to execute the assignment on behalf of MERS. They suggest she was a "robo-signer," meaning she had no personal knowledge of the information in the assignment to which she attested. However, appellants failed to make this argument in the trial court and it is thus waived on appeal. *Petry, supra*, at ¶21. Moreover, appellants failed to cite any pertinent authority requiring the bank to present evidence of Slee's authority. In any event, since appellants did not submit any evidence that Ms. Slee lacked authority to sign the assignment or that she was a robo-signer, BAC was not required to submit evidence showing she had such authority or that she was not a robo-signer.

{¶23} Next, appellants argue that BAC failed to prove the mortgage is in default because BAC never made presentment (i.e., a demand for payment) of the note to appellants. However, appellants did not make this argument below and it is therefore waived on appeal. *Id.* In any event, the affidavit of Betty Marion, an assistant vice president of BAC, filed in support of summary judgment, demonstrates that Appellant Barber was in default. Further, appellants failed to present any evidence that any of the requirements of default, such as presentment, was not satisfied. Moreover, the promissory note itself, which Appellant Barber signed, provides, at paragraph 9, "I * * * waive the rights of Presentment and Notice of Dishonor."

7

{¶24} Next, appellants argue that because the note was held by BAC, the original lender, and the mortgage was initially given to MERS, "as nominee for" BAC, the mortgage was unenforceable. Appellants argue that when the note was transferred, the mortgage did not follow it so that BAC had no interest in the property and could not institute this action. Once again, appellants failed to raise this argument in the trial court and it is waived on appeal. In any event, appellants' argument is based on an incorrect assumption because BAC never transferred the note. Further, appellants' argument is defeated by *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742. In *Dobbs*, the Fifth District held that the assignment of a mortgage, without an express transfer of the note, is sufficient to transfer both the mortgage and the note, if the record indicates that the parties intended to transfer both. *Id.* at ¶31. This court cited *Dobbs* with approval and followed its holding in *Rufo, supra*, at ¶44. Thus, even if BAC did not hold the note when it filed this action, the assignment of the mortgage to it before this action was filed would have sufficed to also transfer the note to it.

{¶25} For the reasons stated in this opinion, it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8