[Cite as *Dardy v. Thompson*, 2014-Ohio-2700.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JENNIFER DARDY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-G-3157** |
| RICHARD C. THOMPSON, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 12 M 000377.

Judgment: Affirmed.

*Mark I. Wachter*, Karberg, Kurant & Wachter Co., L.P.A., 30195 Chagrin Boulevard, Suite 300, Cleveland, OH 44124-5705 (For Plaintiffs-Appellants).

*James E. Featherstone*, Grange Insurance, 610 South Front Street, Columbus, OH 43215 (For Defendant-Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Jennifer Dardy and Russell Brink, appeal the July 24, 2013 judgment of the Geauga County Court of Common Pleas granting appellee, Richard C. Thompson's, motion for summary judgment. For the reasons discussed below, we affirm the decision of the trial court.

{¶2} Appellants entered into a lease with appellee for residential property in January 2009. The lease covered only the residential portion of the structure. The remaining portions of the structure, remnants of dog kennels and an efficiency

apartment utilized by a prior owner, remained unleased and unoccupied and were not subject to the lease agreement between appellants and appellee. A second lease was entered into between appellants and appellee the subsequent year for the same space as the first lease.

{¶3} On the morning of November 8, 2010, a fire to the structure caused significant property loss. On November 10, 2010, a second fire destroyed the property. Appellants lost all their personal belongings kept in the home, as well as a pair of four-wheelers, a snowmobile, and a Ford Mustang, which were all kept in the home's garage. Neither appellant was home at the time either fire began.

{¶4} After the fires, investigations were conducted by a number of entities, including insurance investigators for both appellants and appellee. The results of the investigations were inconclusive as to the cause of the fire. Senior Fire Investigator Aaron Hurd, hired by appellee's insurer, concluded that "neither the first material ignited nor the ignition source of this fire were able to be determined with an acceptable level of certainty" and that the "possibility of an intentionally set fire or an electrical failure in the structure wiring in the kennel area could not be eliminated as to the ignition source of the fire." Joseph Vanek, the Certified Fire and Explosion Investigator retained by appellants' insurer, concluded that the ignition source and the first material ignited could not be determined. Vanek also opined that the "the cause of the fire is accidental."

{¶5} During the course of the fire investigation, appellee's insurance investigator isolated the electrical panel that serviced the area. The electrical panel was tagged and removed from the scene by appellee's insurance investigator. The electrical

2

panel was photographed and subsequently destroyed by appellee's insurance company's investigator within 60 days of the fire.

**{¶6}** The day before the first fire, appellants were cleaning in the kennel area of the building. Appellants sought permission from appellee to carry out this work, as the kennel area was not part of the premises included in the lease agreement. In addition to general cleaning of the area, this work included the use of torches to cut off bolts in order to remove some of the kennels.

**{¶7}** Prior to the fires, while appellee owned the property, several incidents involving the proper functioning of the electrical service to the property were reported. In April 2008, a melted meter was replaced by the utility company. While appellants lived at the home, an electrical surge ruined several appliances and electronic pieces, including appellants' washer, television, hot water heater, and home theater system. The home's lights were also known to flicker and dim. However, Appellant Brink admitted in his deposition that the power surge issues were fully rectified by the utility company a couple of months before the fire.

**{¶8}** Appellants filed a complaint alleging three separate causes of action against appellee. All three causes of action alleged that appellee was negligent in the upkeep of the property's electrical system, and as a result of appellee's negligence, appellants suffered damages. Appellee timely answered the complaint. Appellants filed a pretrial statement which stated that, while appellants "do not have an expert witness, it is anticipated that fire investigators and members of the local safety forces will offer opinions with regard to the fire." Thereafter, appellee filed a motion for summary judgment. Appellants filed a response to appellee's motion for summary judgment.

3

Appellee then submitted a reply to appellants' response.  Summary judgment in favor of appellee was granted on July 24, 2013.

{¶9}  Appellants filed a timely appeal and assert three assignments of error. Their first assignment of error states:

{¶10} "The trial court committed prejudicial error in granting defendant-appellee's motion for summary judgment, finding that the doctrine of *res ipsa loquitur* does not apply."

{¶11}  Pursuant to Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated;
> (2) The moving party is entitled to judgment as a matter of law; and
> (3) It appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶12}  To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  Pursuant to Civ.R. 56(C), the evidence to be considered is limited to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *."  If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E).  *Dresher*, *supra*, 293.

{¶13} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Thus, the court of appeals

4

applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶14} In their first assignment of error, appellants assert that the trial court erred in granting appellee's motion for summary judgment, finding that the doctrine of res ipsa loquitur does not apply.

{¶15} "[R]es ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to the plaintiff." *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66 (1970). "The doctrine of *res ipsa loquitur* is not a substantive rule of law furnishing an independent ground for recovery * * *. The doctrine of *res ipsa loquitur* does not alter the nature of plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence." *Jennings Buick, Inc. v. Cincinnati*, 63 Ohio St.2d 167, 169-170 (1980).

> To warrant application of the rule, a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed.

*Hake* at 66-67.

{¶16} Whether this burden has been met is a question of law to be determined initially by the trial court. *Id.* at 67. Analyzing the facts of this case, appellant is unable to meet either prong. First, even when reviewing the evidence most favorable to appellants and resolving any doubt in favor of appellants, there is no evidence that the

5

instrumentality that caused the injury was under the exclusive management and control of appellee. Appellee did not have exclusive control over the kennel area. There had been some smoke damage after the first fire, but the vast majority of damage was incurred as a result of the second fire. The day before the first fire, appellants cleaned the kennel area, which included appellants performing some metal-cutting activities with a torch. Finally, both appellee and appellants stored various items in the portion of the building not covered by the lease. Based on the evidentiary material in the record, it cannot be said that appellee had exclusive control over the kennel area.

{¶17} Under the second prong, application of res ipsa loquitur requires that the injury occurred under circumstances that, in the ordinary course of events, would not have occurred if ordinary care had been observed. Appellants did not put forth any evidence besides their own unsubstantiated beliefs about the cause of the fire. Appellants were unable to produce an expert report to establish the cause of the fire. The two experts that were independently retained to review the scene were unable to make a determination on the fire's cause. Without knowing the cause of the fire, even when viewing the evidence most favorable to appellants, it is impossible to conclude that appellee was negligent and that the injury would not have occurred if ordinary care had been taken by appellee.

{¶18} The application of res ipsa loquitur is not appropriate in this case, given the complete lack of evidence about the cause of the fire and the fact that the area in question was not in the exclusive control of appellee.

{¶19} Accordingly, appellants' first assignment of error is not well taken.

{¶20} Appellants' second assignment of error states:

6

**{¶21}** "The trial court committed prejudicial error in granting defendant-appellee's motion for summary judgment by failing to impose a remedy for the defendant-appellees spoliation of evidence."

**{¶22}** Under appellants' second assignment of error, they argue the trial court erred by failing to recognize that the destruction of an electrical box by appellee's expert witness should have resulted in an inference that, had the electrical box been examined, it would have provided evidence favorable to appellants' case. Essentially, appellants are arguing that the trial court erred by failing to remedy what, in their view, amounted to spoliation. However, the trial court held that spoliation did not occur because "[t]here was no impending or threatened litigation at the time." Accordingly, the trial court ruled it had no duty to fashion a remedy for a violation it found had not occurred.

**{¶23}** Initially, we emphasize that appellants neither moved for sanctions for spoliation of evidence nor to amend their complaint once they became aware that the electrical box was not retained. Rather, they merely raised the issue in response to appellee's motion for summary judgment. Nevertheless, the trial court addressed the issue in its summary judgment order and thus appears to have construed appellants' argument as a motion for sanctions.

**{¶24}** "A trial court enjoys considerable discretion in the regulation of discovery proceedings." *Penix v. Avon Laundry & Dry Cleaners,* 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, ¶30. Thus, the trial court's decision that "spoliation does not apply" will not be reversed absent a showing of a clear abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-

7

making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8 Ed.Rev.2004).

{¶25} Spoliation of evidence occurs when the proponent establishes the following three prongs:

> [T]hat (1) the evidence is relevant; (2) that the offending party's expert had an opportunity to examine the unaltered evidence; and (3) that, even though the offending party was put on notice of impending litigation, this evidence was intentionally or negligently destroyed or altered without providing an opportunity for inspection by the proponent.
>
> If the court finds that relevant evidence was, indeed, destroyed, then the court has the power to fashion a just remedy.

*Simeone v. Girard City Bd. of Educ.*, 171 Ohio App.3d 633, 648 (11th Dist.2007) (citations omitted).

{¶26} The trial court disposed of any argument regarding spoliation of evidence on the third prong: in its judgment entry granting appellee's motion for summary judgment, the trial court determined that "there was no impending or threatened litigation at the time." The electrical box was discarded before there was any threat of litigation; indeed, it was discarded months before the complaint in this case was filed. Moreover, appellants are unable to show that appellee intentionally or negligently discarded the electrical box. Finally, the electrical box was not discarded by appellee, but by an investigator hired by appellee's insurance carrier. There is no evidence in the record that appellee asked that the electrical box be either retained or destroyed. As such, there was no willful destruction of evidence by appellee designed to disrupt appellants' case.

{¶27} As appellants failed to establish the third prong of the test, it was not necessary for the trial court to address the other two prongs. The trial court did not abuse its discretion when it decided that spoliation was not a consideration in this case.

{¶28} Appellants' second assignment of error is not well taken.

{¶29} Appellants' third assignment of error states:

{¶30} "The trial court committed prejudicial error in granting defendant-appellee's motion for summary judgment despite the fact that appellee's violation of Ohio Revised Code Section 5321.04 constituted negligence per se."

{¶31} In their final assignment of error, appellants argue that the trial court incorrectly determined that summary judgment was appropriate when there was sufficient evidence to support a negligence per se claim. Specifically, appellants suggest the evidence indicates that appellee, as a landlord, failed to maintain his property as required by R.C. 5321.04 and that this failure resulted in damage to appellants. This assignment of error is without merit because appellants submitted no evidentiary material that indicated a violation of R.C. 5321.04 was the proximate cause of the damage they suffered.

{¶32} R.C. 5321.04 states, in part:

> (A) A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> (3) Keep all common areas of the premises in a safe and sanitary condition;

(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord[.]

{¶33} A violation of R.C. 5321.04 constitutes negligence per se, provided the landlord's failure to fulfill its duties was the cause of the injuries to the tenants. *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 25 (1981), citing *Schell v. DuBois*, 94 Ohio St. 93 (1916); *Patton v. Pennsylvania R.R. Co.*, 136 Ohio St. 159 (1939); *Grieser v. Huntington Natl. Bank*, 176 Ohio St. 291 (1964).

> [N]egligence per se does not equate to liability per se, as it does not dispense with the plaintiff's obligation to prove the landlord's breach was the proximate cause of the injury complained of, nor does it obviate the plaintiff's obligation to prove the landlord received actual or constructive notice of the condition causing the statutory violation.

*Sivit v. Vill. Green of Beachwood*, 8th Dist. Cuyahoga No. 98401, 2013-Ohio-103, citing *Packman v. Barton*, 12th Dist. Madison No. CA2009-03-009, 2009-Ohio-5282, citing *Turner v. Tiemeyer*, 12th Dist. Clermont No. CA95-08-053, 1996 Ohio App. LEXIS 428, *3 (Feb. 12, 1996).

{¶34} In this case, appellant provided no evidence that a violation of the statute by appellee was the proximate cause of the fire. In their depositions, appellants state many issues they had with the general upkeep of the property, including the electrical system. However, appellants put forth no evidence of a causal link between any of these concerns and the fire. This differentiates the facts at hand to those in *Sivit*, where the plaintiff was able to show both causation and actual notice of the condition that was a statutory violation. In *Sivit*, the owner of the building knew that the electrical system was severely deficient and fire investigators were able to connect the fire to the faulty

10

electrical system. *Sivit* at ¶18. Neither fire investigator retained in this case was able to determine the cause of the fire or connect it to appellee's conduct.

**{¶35}** Additionally, appellants failed to put forth evidence that appellee had notice of any violation. There is a well-founded and long-established notice requirement under R.C. 5321.04. *Renzi v. Hillyer*, 11th Dist. Lake No. 2012-L-041, 2012-Ohio-5579, ¶19. There must first be recognition by the landlord of a violation before liability can be imposed. *Id.*, citing *Sikora v. Wenzl*, 88 Ohio St.3d 493, 496 (2000). In this case, appellants notified appellee of several issues regarding the property they leased. However, appellants failed to establish that any of those issues were causally connected to the fire.

**{¶36}** Accordingly, appellants' third assignment of error is not well taken.

**{¶37}** For the foregoing reasons, appellants' three assignments of error are not well taken, and the judgment of the Geauga County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

11