[Cite as *BAC Home Loans Serving, L.P. v. Vanjo*, 2015-Ohio-4317.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., fka COUNTRYWIDE HOME LOAN SERVICING, L.P., | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2013-L-106** |
| - vs - | : | |
| RYAN T. VANJO, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11 CF 001455.

Judgment: Affirmed.

*Eric T. Deighton,* Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 24755 Chagrin Boulevard, Suite 200, Cleveland, OH 44122-5690 (For Plaintiff-Appellee).

*James R. Douglass,* 4600 Prospect Avenue, Cleveland, OH 44103 (For Defendants-Appellants).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Ryan T. Vanjo and Holly N. Vanjo, appeal the summary judgment entered by the Lake County Court of Common Pleas in favor of appellee, BAC Home Loans Servicing, L.P., fka Countrywide Home Loan Servicing, L.P. ("BAC"), on BAC's complaint for foreclosure. At issue is whether BAC had standing to file this action. For the reasons that follow, we affirm.

{¶2} On or about November 21, 2006, appellants obtained a mortgage loan from Countrywide Home Loans, Inc. to purchase real property in Mentor, Ohio. In exchange for the loan, appellants signed a promissory note in favor of Countrywide in the amount of $203,000. The note was endorsed in blank. On the same date, in order to secure the note, appellants signed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for the lender Countrywide. Subsequently, appellants signed a loan modification agreement, which was to be effective on October 1, 2007.

{¶3} Appellants defaulted on the note by failing to make the payment due on June 1, 2011, or any subsequent installments. The amount due under the loan as of June 1, 2011 was $195,048.

{¶4} On June 13, 2011, BAC filed its complaint in foreclosure. BAC alleged that it was in possession of and the holder of the note; that said note was modified pursuant to a loan modification agreement; that MERS had assigned the mortgage to it one month before the complaint was filed; that appellants were in default; and that BAC had accelerated the debt and declared it to be due. Attached to the complaint were copies of the promissory note, the mortgage, the loan modification agreement, and the assignment of the mortgage to BAC.

{¶5} Appellants filed an answer, denying some allegations of the complaint and admitting others, and asserting various affirmative defenses, including BAC's alleged lack of standing. The trial court referred the matter to mediation, which lasted nearly two years, but was ultimately unsuccessful in resolving this action.

**{¶6}** Thereafter, BAC moved for summary judgment. In support, it attached the affidavit of Kevin R. Drakeford, Jr., an officer of Bank of America, N.A., Successor by Merger to BAC. Mr. Drakeford testified via affidavit that he was authorized to sign the affidavit on behalf of BAC. He said that the subject promissory note was endorsed in blank; that BAC "has possession of the promissory note;" that BAC "held the note at the time of filing the foreclosure complaint;" and that BAC is the assignee of the mortgage for the referenced loan. Mr. Drakeford said that appellants defaulted on the note by failing to make the payment due for June 1, 2011, or any subsequent installments; that appellants' indebtedness had been accelerated; and that the principal balance due on the loan is $195,048 plus interest at 7.125 % per annum from May 1, 2011.

**{¶7}** Appellants filed a brief in opposition to summary judgment, but did not attach any evidentiary materials or affidavits disputing Mr. Drakeford's affidavit. The trial court granted BAC's motion for summary judgment. Appellants appeal the judgment, asserting two assignments of error. Because they are related, they are considered together. They allege:

**{¶8}** "[1.] The trial court erred when it awarded summary judgment to plaintiff-appellee when there is no evidence in the record that the plaintiff-appellee is or was the holder of either the note or mortgage.

**{¶9}** "[2.] The trial court erred when it held that the plaintiff acquired the legal authority to enforce the subject note by virtue of the assignment of the mortgage deed."

**{¶10}** Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to

3

the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268 (1993).

**{¶11}** The party seeking summary judgment on the ground that the nonmoving party cannot prove his case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The moving party must point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates the nonmoving party has no evidence to support his case. *Dresher, supra*, at 293.

**{¶12}** If this initial burden is not met, the motion for summary judgment must be denied. *Id.* However, if the moving party meets his initial burden, the nonmoving party must then produce competent evidence showing there is a genuine issue for trial. Civ.R. 56(E). If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against him. *Dresher, supra.*

**{¶13}** Since a trial court's ruling on a motion for summary judgment involves only questions of law, we conduct a de novo review of the judgment. *DiSanto v. Safeco Ins. of Am.*, 168 Ohio App.3d 649, 2006-Ohio-4940, ¶41 (11th Dist.).

**{¶14}** In Ohio, courts of common pleas have jurisdiction over justiciable matters. Ohio Constitution, Article IV, Section 4(B). "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). Standing involves a determination of whether a party has alleged a personal stake in the outcome of the controversy to

4

ensure the dispute will be presented in an adversarial context. *Mortgage Elec. Registration Sys., Inc. v. Petry*, 11th Dist. Portage No. 2008-P-0016, 2008-Ohio-5323, ¶18.

**{¶15}** In a mortgage foreclosure action, the mortgage lender must establish an interest in the promissory note or in the mortgage in order to have standing to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶28. "The requirement of an 'interest' can be met by showing an assignment of *either the note or mortgage*." (Emphasis added.) *Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶24. Further, because standing is required to invoke the trial court's jurisdiction, standing is determined as of the filing of the complaint. *Schwartzwald, supra,* at ¶24.

**{¶16}** Whether standing exists is a matter of law that we review de novo. *Bank of Am., NA v. Barber*, 11th Dist. Lake No. 2013-L-014, 2013-Ohio-4103, ¶19.

**{¶17}** Appellants argue that Mr. Drakeford's affidavit was insufficient to support summary judgment because he did not state he has personal knowledge of the facts contained therein and it is thus mere hearsay. We disagree.

**{¶18}** Civ.R. 56(E) provides in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

**{¶19}** "[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit

5

combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit." *Bank One, N.A. v. Lytle*, 9th Dist. Lorain No. 04CA008643, 2004-Ohio-6547, ¶13.

{¶20} Further, it is well settled that personal knowledge may be inferred from the contents of an affidavit. *Bush v. Dictaphone Corp.*, 10th Dist. Franklin No. 00AP-1117, 2003-Ohio-883, ¶73.

{¶21} Mr. Drakeford stated in his affidavit that he is an Assistant Vice-President of Bank of America, N.A., Successor by Merger to BAC, and that, as such, he is authorized to execute his affidavit on behalf of BAC. He said that as part of his job, he is familiar with the type of records maintained by Bank of America in connection with the instant loan. He said he has personal knowledge of Bank of America's procedures for creating these records. He said he made his affidavit based on his review of Bank of America's business records for the subject loan (which included the note, the mortgage, the loan modification agreement, the mortgage assignment, and appellants' account information statement) and his personal knowledge as to how said records are created and maintained. He said the information in his affidavit is based on these business records, which were made at or near the time of the occurrence of events referenced therein by persons with personal knowledge of the information in the records; that they are kept in the course of Bank of America's regularly-conducted business; and that it is the regular practice of Bank of America to make such records.

{¶22} Thus, contrary to appellants' argument, Mr. Drakeford presented sufficient information in his affidavit to demonstrate his personal knowledge of the matters contained therein. *Lytle, supra; Bush, supra*.

6

{¶23} Next, appellants argue the trial court erred in granting summary judgment to BAC because Mr. Drakeford did not authenticate the note attached to the complaint. Again, we do not agree.

{¶24} In order to be entitled to summary judgment, copies of documents submitted on summary judgment must be either certified or authenticated by affidavit. Civ.R. 56(E). However, "[i]t is elementary in the law of pleading that an admission in a pleading dispenses with proof and is equivalent to proof of the fact." *Rhoden v. Akron*, 61 Ohio App.3d 725, 727 (9th Dist.1988). "Thus, an admission made in the pleadings dispenses with the need to prove the truth of the matter admitted." *Id.* This court cited *Rhoden* with approval in *Stanwade Metal Prods. v. Heintzelman,* 158 Ohio App.3d 228, 2004-Ohio-4196 (11th Dist.), in which this court stated: "It is axiomatic that the responses in Heintzelman's answer constitute admissions which he cannot later contradict or challenge via deposition or other testimony * * *." *Id.* at ¶21. Further, this court in *Stanwade* stated: "In a summary judgment exercise, the court may look to any admission in the answer of a defendant as evidence in support of a motion for summary judgment." *Id.* at ¶16.

{¶25} As noted above, BAC alleged in its complaint that the note was modified pursuant to the loan modification agreement attached to the complaint. That agreement provided, in pertinent part:

{¶26} This modification of the Note * * *, to be effective on October 1, 2007, is entered into by and among [appellants] ("Borrower") * * * Countrywide Home Loans, Inc., [BAC's predecessor] ("Lender"), and [MERS] ("Mortgagee"), and amends and supplements that

7

certain promissory note, dated November 21, 2006, in the original principal amount of $203,000 ("Note"), secured by that certain Mortgage * * * of the same date, granted * * * to [MERS], as mortgagee of record (solely as nominee for [Countrywide]) * * *. Borrower [appellants] agrees: * * * [t]he terms of the Note and the [Mortgage] are amended and modified as follows: commencing on November 1, 2007, my regular monthly principal and interest payment under the Note shall be $1,367.65 [and] the new Maturity Date is: October 1, 2037. * * * Nothing in this Modification will invalidate, impair or release any term or condition in the Note or the [Mortgage]. The Note and the [Mortgage] will continue in full force and effect. * * * Borrower ratifies and confirms the terms and conditions of the Note and the [Mortgage], and covenants and agrees to perform and comply with the terms and conditions, as modified in this Modification.

{¶27} In their answer, appellants admitted that a copy of the subject note was attached to the complaint. They also "admit[ted] that the promissory note was modified pursuant to the [loan modification agreement] attached to Plaintiffs' Complaint * * *." Thus, appellants admitted the authenticity of the loan modification agreement in their answer. As a result, BAC was not required to authenticate the loan modification agreement because appellants admitted the accuracy of the modification agreement attached to the complaint. *Stanwade, supra*.

**{¶28}** Moreover, since the loan modification agreement referenced the note and amended its terms, and appellants in that agreement ratified and confirmed its terms, as amended, the loan modification agreement incorporated the note by reference and amended it. Thus, by admitting the authenticity of the loan modification agreement in their answer, appellants in effect admitted the authenticity of the note, and BAC was not required to authenticate the note.

**{¶29}** Further, as noted above, Mr. Drakeford stated in his affidavit that the promissory note referenced in the complaint was endorsed in blank; that BAC currently has possession of the note; and that BAC held the note at the time the complaint was filed. Appellants presented no evidence or affidavits disputing this evidence. "It is well established that * * * if the non-moving party fails to respond with evidentiary materials, the affidavit of the moving party is accepted as true." *SGP Ltd. v. Miracle Makers, Inc.*, 8th Dist. Cuyahoga No. 75391, 2000 Ohio App. LEXIS 4045, *10 (Sep. 7, 2000). Since appellants failed to present any evidentiary materials disputing Mr. Drakeford's affidavit, the foregoing statements in his affidavit are conclusively established.

**{¶30}** Appellants' admission regarding the authenticity of the loan modification agreement and the note coupled with Mr. Drakeford's undisputed testimony that BAC held the note when the complaint was filed demonstrate that BAC had an interest in the note and thus had standing to file this action.

**{¶31}** Further, for the same reasons the loan modification agreement incorporated the note by reference, that agreement also incorporated the mortgage by reference and amended it. And, since appellants admitted the authenticity of the

9

modification agreement in their answer, they effectively admitted the authenticity of the mortgage, and BAC was not required to authenticate the mortgage.

{¶32} In addition, BAC also had an interest in the mortgage when it filed the complaint. As noted above, it is undisputed that the note was negotiated to BAC by endorsement before the complaint was filed. In *Fed. Home Loan Mortg. Corp. v. Rufo*, 11th Dist. Ashtabula No. 2012-A-0011, 2012-Ohio-5930, this court stated:

{¶33} "In Ohio it has been held that transfer of the note implies transfer of the mortgage. * * * 'Where a note secured by a mortgage is transferred so as to vest the legal title to the note in the transferee, such transfer operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered.'" *Id.* at ¶41, quoting *Bank of New York v. Dobbs*, 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, ¶29-30, quoting *LaSalle Bank N.A. v. Street*, 5th Dist. Licking No. 08CA60, 2009-Ohio-1855, ¶28.

{¶34} Thus, the negotiation of the promissory note to BAC operated as an equitable assignment of the mortgage to it, giving BAC an interest in the mortgage prior to the filing of the complaint. For this additional reason, BAC had standing.

{¶35} In summary, by admitting the authenticity of the loan modification agreement, appellants effectively admitted the authenticity of the note and mortgage, and BAC was not required to authenticate any of these instruments. Further, BAC established it had an interest in both the note and mortgage before it filed the complaint. We therefore hold the trial court did not err in granting summary judgment in favor of BAC.

10

{¶36} For the reasons stated in the opinion of this court, appellants' assignments of error are overruled. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶37} I agree with appellants that BAC failed to authenticate properly the note in this case, and would reverse and remand on that basis.

{¶38} The majority reasons that appellants admitted in their answer a copy of the note was attached to the complaint; that the note was modified by the modification agreement also attached to the complaint; and, that since the modification referenced the note, the note also was properly before the trial court on summary judgment in this fashion. The majority correctly cites *Stanwade Metal Prods.*, *supra*, for the proposition that admissions in an answer are binding in summary judgment proceedings.

{¶39} In their answer, appellants stated, at paragraph one:

{¶40} "Defendants deny for want of knowledge that Plaintiff is in possession and the holder of a certain promissory note, a copy of which is attached to Plaintiff's Complaint as Exhibit A. Defendants admit that the promissory note was modified pursuant to the loan modification agreement attached to Plaintiff's Complaint as Exhibit B and specifically denies the balance of the allegations contained within Paragraph 1 of Plaintiff's Complaint."

11

{¶41} Thus, appellants never directly admitted the authenticity of the note attached to the complaint in their answer. Nor did they admit the authenticity of the modification agreement: they simply admitted what is evident on the face of that agreement – that it modifies the note. They do not specifically admit the authenticity of the note. Consequently, BAC could not "bootstrap" the authenticity of the note through the alleged admission of the modification agreement's authenticity. Rather, BAC was required, in summary judgment proceedings, to authenticate these documents through the affidavit of Mr. Drakeford. Civ.R. 56(E); *see also HSBC Mtge. Services, Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶14-24. Mr. Drakeford's affidavit is insufficient to do this.

{¶42} I respectfully dissent.