[Cite as *Dodeka, L.L.C. v. Keith*, 2017-Ohio-7449.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| DODEKA, L.L.C., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0043** |
| CINDY KEITH, | : | |
| Defendant/Third Party Plaintiff-Appellant, | : | |
| | : | |
| RICHARD J. WELT, | : | |
| Third Party Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2009 CV 0710.

Judgment: Reversed and remanded.

*Ralph C. Megargel*, Megargel & Eskridge Co., LPA, 231 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Anand N. Misra*, The Misra Law Firm, L.L.C., 3659 Green Road, #100, Beachwood, OH 44122 and *Robert S. Belovich*, 9200 South Hills Boulevard, Suite 320, Broadview Heights, OH 44147 (For Defendant/Third Party Plaintiff-Appellant).

*Lawrence G. Reinhold*, Jewish Family Services of Akron, 525 Rocky Hollow Drive, Akron, OH 44313-5945 (For Third Party Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Cindy Keith, appeals two decisions granting summary judgment

against her on her counterclaims and third-party complaint. Appellant primarily challenges the conclusion that she is bound by a "choice of law" provision in the applicable credit card agreement. We reverse and remand for further proceedings.

{¶2} This constitutes appellant's second appeal in this matter. In *Dodeka, LLC v. Keith*, 11th Dist. Portage No. 2011-P-0043, 2012-Ohio-6216, we held that the trial court erred in staying the underlying proceedings and ordering the parties to proceed to arbitration. Our prior opinion states in part:

{¶3} "In September 1991, appellant was married to Andrew Keith. At that time, Andrew submitted an application to U.S. Bank for a credit card. After receiving the card, Andrew continued to use it throughout the next eleven years. During that time frame, appellant's name appeared on the various account statements that were mailed to the Keith residence.

{¶4} "In 2000, the Keiths were divorced pursuant to a judicial decree. As part of the distribution of the marital property, Andrew was held solely responsible for any debt under U.S. Bank card, However, no steps were ever taken to remove appellant's name from the account, and the account statements mailed to Andrew at his separate address continued to have her name on them.

{¶5} "During the time frame in which the 'Keith' credit card account was open, U.S. Bank would periodically modify the terms of the underlying agreement by sending copies of the new contract to the listed address. The last of these 'amended' contracts was mailed to Andrew's home address in July 2002. * * *.

{¶6} "In April 2003, Andrew Keith stopped making payments on a considerable sum that he had charged on the U.S. Bank credit card. Five months later, he submitted a petition for federal bankruptcy, and his credit card debt was ultimately discharged. As

2

a result, U.S. Bank removed Andrew's name from the 'credit card' account, and began to pursue possible remedies against appellant." *Id.* at ¶2-5.

{¶7} At the time Andrew made his final payment to U.S. Bank, the credit card agreement had a provision governing the cardholder's responsibility to pay. In addition to referencing the basic obligation to pay for all purchases, advances, finance charges, and account fees, the provision states that U.S. Bank is entitled to collect any attorney fees it incurred in enforcing agreement, to the extent that such fees are collectible under the applicable law. Regarding the choice of law governing the agreement, paragraph 30 of the agreement states, in pertinent part:

{¶8} "We extend all Account credit to you in and from the state of North Dakota, regardless of where you reside or use the Account. This agreement is governed by North Dakota law and, to the extent necessary for interest exportation or consumer protection purposes, by federal law, regardless of the internal conflicts of law principles of the state where you reside or use the Account."

{¶9} In November 2007, U.S. Bank's interest in the Keith account was sold to Dodeka, LLC. Accordingly, that entity sought recovery on the outstanding balance, $10,964.56. Within one year of the transfer, Dodeka filed an action for money damages against appellant in the Portage County Municipal Court. As part of its prayer for relief, Dodeka expressly sought reimbursement for the attorney fees it incurred in pursuing the case.

{¶10} After a ten-month delay, appellant answered the complaint and asserted multiple counterclaims against Dodeka. She also filed a third-party complaint against Dodeka's original counsel, Attorney Richard J. Welt, advancing the same claims against him as were raised in the counterclaims against Dodeka. Appellant alleged that Dodeka

3

and Welt violated both the federal Fair Debt Collection Practices Act and Ohio's Consumer Sales Practices Act in three respects: (1) by seeking attorney fees when Ohio law does not allow the recovery of such fees in a consumer debt collection case; (2) by asserting a claim that is barred under the statute of limitations; and (3) by basing that claim upon fraudulent documentation. In addition, she maintained that her counterclaims should go forward as a class action.

{¶11} In light of the amount of damages requested in appellant's pleadings, the case was transferred from the municipal court to the Portage County Court of Common Pleas. Immediately thereafter, Dodeka and Attorney Welt moved to stay and submit their claims to arbitration, based upon a provision in the July 2002 amended credit card agreement in effect when Andrew made his last payment to U.S. Bank. While the motion to stay was pending, Dodeka amended its complaint by attaching new documents needed to establish the existence of the account.

{¶12} In her response to the motion to stay, appellant argued that the arbitration provision could not be enforced against her because she is not a party to the original 1991 credit card agreement with U.S. Bank. A court magistrate accepted her assertion that she did not sign the application that her husband submitted in 1991, but still concluded that she could be a party to the July 2002 amended agreement if she actually used the credit card during the intervening years prior to her divorce. Accordingly, the magistrate recommended that the motion to stay be granted. The trial court adopted the recommendation, and ordered the parties to submit their claims to binding arbitration.

{¶13} Appellant immediately appealed the "stay" decision to this court. As noted above, we reversed the decision, holding that Dodeka and Attorney Welt, as the parties

4

moving to compel arbitration, failed to establish that she was a party to the July 2002 amended credit card agreement. In reviewing the evidentiary materials, we concluded they did not prove either that: (1) appellant executed the credit card application when it was submitted to U.S. Bank in 1991; or (2) she actually used the credit card during the intervening years. *Dodeka*, 2012-Ohio-6216, at ¶43.

{¶14} Upon remand, appellant moved for summary judgment on Dodeka's sole claim to recover the credit card debt. As the legal basis for the motion, she argued that our analysis as to the existence of a credit card agreement between her and U.S. Bank has become the law of the case, and the trial court was bound to follow that precedent in her favor. Appellant also submitted an affidavit in support of her motion, in which she averred that: (1) she never signed a credit card agreement with U.S. Bank; (2) she did not make any of the purchases listed in the 2002-2003 account statements which were attached to Dodeka's amended complaint; and (3) she never made any payment on the disputed credit card.

{¶15} In its initial response to the summary judgment motion, Dodeka contended that our prior opinion only stood for the conclusion that its evidentiary materials were not sufficient to require appellant to submit the case to arbitration. Dodeka also maintained that, since appellant was now the moving party, the averments in her affidavit were not sufficient to establish that she never became a party to the credit card agreement. Last, Dodeka asserted that it could not fully respond to appellant's motion until it was afforded the opportunity to take her deposition.

{¶16} Since appellant moved to California during the pendency of the action, taking her deposition proved to be difficult. In January 2014, the trial court ordered Dodeka to either conduct the deposition telephonically or take it at a location near

5

appellant's California residence. After conducting the deposition under the latter of the two options, Dodeka moved the trial court to compel appellant to sit for a second deposition on the basis that she was uncooperative during the first proceeding. According to Dodeka, appellant not only claimed to be unable to remember basic facts of the case, but also refused to answer many questions on the grounds of privileges that were clearly inapplicable. Notwithstanding the motion to compel, Dodeka again argued that the trial court could proceed and deny appellant's summary judgment motion because her evidentiary materials were insufficient to show that she is not a party to the credit card agreement.

{¶17} As to the motion to compel, the trial court ordered appellant to produce a videotape of the deposition and copies of all non-privileged documents she reviewed in preparing for the deposition. The court also required, upon receipt of the foregoing items, Dodeka to provide notice whether a second deposition was necessary. No notice was ever filed, and the trial court never issued a final ruling on the motion to compel.

{¶18} After appellant's summary judgment motion was pending for nearly fifteen months, Dodeka moved for summary judgment on all of her counterclaims. As the main basis for its motion, Dodeka contended that, even though Ohio law forbids a request for attorney fees in a consumer collections action, its request for such fees was permissible because under the terms of its credit card agreement with Andrew Keith, North Dakota law controls. In making this argument, Dodeka maintained that appellant was an "account holder" under Andrew's agreement; i.e., she was a party to that contract. Yet, in doing so, Dodeka essentially relied upon the same evidentiary materials it had in arguing that the agreement's arbitration provision was applicable to appellant. The only new evidence Dodeka referenced was appellant's statement during her deposition that

6

she could recall using "other people's" credit cards during her life.

{¶19} Dodeka's summary judgment motion was filed in July 2014. Over the next two months, Dodeka submitted two new discovery notices and two new motions to allow out-of-state attorneys to appear. Appellant did not respond to the summary judgment motion. After September 2014, no new submissions were filed in the case for nearly seventeen months. In February 2016, the trial court rendered a judgment stating that the case would be dismissed for want of prosecution unless appellant could show proper cause for the case to continue. Ten days later, appellant filed a response providing a summary of the pending motions. Regarding Dodeka's request for summary judgment on her counterclaims, appellant maintained that even though she received a memorandum in support of Dodeka's request, she was never served with an actual motion for such relief.

{¶20} After Dodeka also filed a response to the "show cause" judgment, the trial court issued a separate entry that granted summary judgment in favor of appellant as to Dodeka's "account" complaint and summary judgment in favor of Dodeka in regard to all of appellant's counterclaims. Hence, the entry disposed of all pending claims between Dodeka and appellant. Concerning Dodeka's sole claim, the trial court held that, since Dodeka did not present any evidence showing that appellant made any charges on the credit card during the two-year period before Andrew defaulted, any claim against her was barred under the applicable statute of limitations. As to appellant's "attorney fees" counterclaim, the court concluded that because the "choice of law" provision in the July 2002 amended credit card agreement was enforceable against appellant, Dodeka was permitted under North Dakota law to request attorney fees as part of its relief under its "account" claim.

7

**{¶21}** Approximately one month later, Attorney Welt filed a motion for summary judgment on appellant's third-party complaint asserting many of the same arguments as Dodeka's. Appellant responded and the trial court issued a second entry granting Attorney Welt's motion and dismissing appellant's third-party complaint against him. This ruling was based upon the same analysis followed in granting summary judgment in favor of Dodeka.

**{¶22}** In appealing the summary judgment ruling in favor of Dodeka and Welt, appellant asserts:

**{¶23}** "The trial court committed prejudicial error in granting summary judgment."

**{¶24}** Appellant contends the trial court erred in concluding that North Dakota law rather than Ohio governs the attorney fee issue in light of the choice-of-law provision.

**{¶25}** Our review of a summary judgment ruling is de novo in nature. *Dardy v. Thompson*, 11th Dist. Geauga No. 2013-G-3157, 2014-Ohio-2700, ¶13. We apply the same standard as the trial court. *Id.*, quoting *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983). "Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Leibreich v. A.J. Refrigeration, Inc.*, 67 Ohio St.3d 266, 268, 617 N.E.2d 1068 (1993)." *BAC Home Loans Servicing, L.P. v. Vanjo*, 11th Dist. Lake No. 2013-L-106, 2015-Ohio-4317, ¶10.

**{¶26}** "To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact

8

to be resolved in the case, relying on evidence in the record. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Pursuant to Civ.R. 56(C), the evidence to be considered is limited to the 'pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *.' If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Dresher*, *supra*, 293." *Dardy*, at ¶12.

{¶27} Appellant's "attorney fee" claims turn upon whether Ohio law or North Dakota law controls. Ohio follows the "American rule" as to the recovery of attorney fees in a civil matter: i.e., the prevailing party cannot recovery attorney fees as part of the costs of litigation absent exception under a statute or enforceable contract. *Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 714 (6th Cir.2015), citing *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 906 N.E.2d 396 (2009). No statutory exception has been recognized concerning a civil action to collect on a defaulted debt, unless the debt is greater than $10,000 (*see* R.C. 1319.02(A)(1)); under Ohio common law, a contract provision which shifts the obligation to pay attorney fees is unenforceable. *Id.* citing *Miller v. Kyle*, 85 Ohio St. 186, 97 N.E. 372 (1911). In contrast, North Dakota statutory law provides that payment of attorney fees are subject to an agreement of the parties. N.D.C.C. 28-26-01.

{¶28} The trial court held that North Dakota law controls as to whether Dodeka and Attorney Welt had the authority to include a request for attorney fees in its prayer for relief. This holding is predicated upon the finding that the choice-of-law provision in Andrew Keith's credit card agreement is applicable to appellant. Yet, in making that

9

finding, the trial court never made a specific finding regarding whether appellant was a party to that agreement. As part of its discussion, the court cited to certain facts that would be relevant to that issue. For example, the court noted that the U.S. bank credit was used both before and after the Keiths' divorce, and that appellant's name was included on the monthly statements sent to Andrew Keith's address even after the divorce. However, the court did not state that these underlying points supported the legal conclusion that appellant was bound by the credit card agreement.

{¶29} In moving for summary judgment on Dodeka's collections claim, appellant expressly raised the issue of whether she was an actual party to the underlying credit card agreement. But, in granting summary judgment in favor of appellant on Dodeka's sole claim, the trial court did not address the issue. Instead, the court held that, since Dodeka did not present any evidence contradicting appellant's statement that she had not made any of the charges which stemmed from the 2002-2003 time frame, any claim against her was barred under the governing statute of limitations.

{¶30} Appellant was not entitled to summary judgment on the issue of whether she was bound by Andrew's credit card agreement with U.S. Bank. In her motion, appellant first contended that this court's prior analysis on the issue was binding upon the trial court. However, the wording of our opinion readily demonstrates that our analysis regarding whether appellant was bound by the agreement's arbitration provision was limited to the specific evidence Dodeka and Attorney Welt presented in moving for arbitration. Clearly, if Dodeka and Welt moved for summary judgment as to whether appellant was a party to the credit card agreement, but did not present any new evidence on the point, our prior holding would be binding on the trial court under the law-of-the-case doctrine. But, until Dodeka and Welt had a fair opportunity to present

10

all possible evidence on the issue, this court's prior analysis was not a sufficient basis, in and of itself, to grant summary judgment in favor of appellant.

{¶31} In addition to relying upon our prior opinion, appellant also presented her own affidavit in support of her summary judgment motion. As noted above, she averred that she did not make any of the purchases listed in the 2002-2003 account statements that were attached to Dodeka's amended complaint. By itself, though, this averment is not sufficient to establish that appellant was not a party to the credit card agreement. In our first opinion, we noted that a "consumer's actual use of the credit card is sufficient to demonstrate her acceptance of the provisions of the credit card agreement." *Dodeka*, 2012-Ohio-6216, at ¶37. Thus, if appellant used the credit card prior to her divorce, she became a party to the agreement with U.S. Bank, and would still be bound by the terms of the agreement unless she gave proper notice to U.S. Bank to remove her name from the account. In other words, appellant would not be entitled to summary judgment on this specific issue unless she could aver that she never used the U.S. Bank credit card throughout the entire period Andrew used the card.

{¶32} In conjunction with the foregoing, the record further shows that Dodeka did not move for summary judgment on the issue of whether appellant was a party to the credit card agreement. Furthermore, in responding to appellant's summary judgment motion, the only new piece of evidence cited by Dodeka was her deposition testimony that she could recall using "other people's" credit cards in her lifetime. Given that this testimony was not made specifically in relation to the U.S. Bank credit card, Dodeka and Attorney Welt were not entitled to prevail on the issue of whether appellant was bound by the credit card agreement.

{¶33} In granting summary judgment against appellant as to her "attorney fee"

counterclaim, the trial court predicated its entire analysis upon its conclusion that North Dakota law was controlling as to whether Dodeka and Attorney Welt could request such fees in Dodeka's complaint. Yet, in order for North Dakota law to apply, the trial court had to first find that appellant was a party to the credit card agreement. Not only did the trial court fail to make the necessary determination, but Dodeka had not even moved for summary judgment on the crucial issue. Therefore, the trial court's summary judgment analysis as to the "attorney fee" counterclaims is flawed.

{¶34} Besides her "attorney fee" counterclaims, appellant raised counterclaims alleging that Dodeka and Attorney Welt violated consumer protection laws by asserting a claim that was barred under the applicable statute of limitations and was based upon fraudulent documentation. In moving for summary judgment, Dodeka and Attorney Welt presented separate arguments on these counterclaims. In dismissing all of appellant's counterclaims and third-party complaint, the trial court did not address the merits of the counterclaims themselves or the parties' arguments regarding them. Thus, the granting of summary judgment was also inappropriate as to the other two counterclaims.

{¶35} Last, in addition to arguing that the request for attorney fees was allowable under the choice-of-law provision of the credit card agreement, Dodeka and Attorney Welt raised other defenses to the "attorney fee" counterclaim. Yet, in rendering its two decisions, the trial court did not address the substance of the other defenses. Hence, the merits of the remaining defenses are not properly before this court in the context of this appeal.

{¶36} Since the trial court did not engage in the necessary analysis to determine whether the choice-of-law provision in the credit card agreement is enforceable against appellant, Dodeka and Attorney Welt were not entitled to prevail on the "attorney fee"

12

counterclaims as a matter of law.  As summary judgment should not have been granted, appellant's sole assignment has merit.  The judgment of the Portage County Court of Common Pleas is reversed, and the case is hereby remanded for further proceedings consistent with this opinion.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.